UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-25091-CIV-ALTONAGA/Reid
(Consolidated with Case No. 25-20066-CIV)

GARY BRECKA, an individual,
CICELY SAGE WORKINGER, an individual,
IJS PRESENTATIONS, LLC,
a Delaware limited liability company, and
TURNING POINT HOLDINGS, LLC,
a Florida limited liability company,

       Plaintiffs,

v.

BRANDON DAWSON, an individual,
10X HEALTH VENTURES LLC,
a Delaware limited liability company, and
CARDONE VENTURES, LLC,
a Delaware limited liability company,

       Defendants.
_____/

## PLAINTIFFS' MOTION FOR REMAND

Plaintiffs Gary Brecka, Cicely Sage Workinger, IJS Presentations, LLC and Turning Point Holdings, LLC (collectively, "Plaintiffs"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1447(c) and S.D. Fla. Local Rule 7.1, respectfully request that the Court remand this case to the Eleventh Judicial Circuit Court in and for Miami-Dade County, and award Plaintiffs their costs and actual expenses, including attorneys' fees, incurred as a result of Defendants Brandon Dawson, 10X Health Ventures, LLC and Cardone Ventures, LLC's (collectively, "Defendants") improper removal.

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

I.  **BACKGROUND**

This case involves a business relationship gone sour due to the greed and machinations of Defendants Brandon Dawson ("Dawson") and Cardone Ventures, LLC ("Cardone") in carrying out the business of Defendant 10X Health Ventures LLC ("10X Health"), which Plaintiffs Brecka and Workinger co-founded. After Brecka catapulted 10X Health to success while becoming world-renowned in the health and wellness industry, Defendants engaged in blatant-self-dealing and eventually forced Brecka and Workinger out of the business they co-founded and grew to tremendous success and profit.

As a result of Defendants' wrongful acts, Plaintiffs filed suit in state court asserting claims for breach of various agreements governing the parties' relationship and for declaratory relief. *See* Case No. 25-20066 (the "Removed Case"), ECF No. [1-3]. The very same day, but after Plaintiffs filed their state court action, Defendants raced to federal court and filed the Complaint in the instant case against Plaintiffs asserting claims for trademark infringement, and claims for violations of several of the same agreements (which would otherwise be compulsory counterclaims in the Removed Case). *See* ECF No. [1]. Unsurprisingly, Defendants have now improperly attempted to remove the state court case to this Court. *See* Removed Case, ECF No. [1] (the "Notice"). However, the Removed Case has no independent federal jurisdictional basis, and Defendants' Notice is defective because it does not set forth a legitimate basis for Court's exercise of jurisdiction in this case. The Court should reject Defendants' defective Notice as improper forum-shopping, and remand this case back to state court where it belongs.[1]

---

[1] On January 9, 2025, Judge Martinez, who was presiding over the Removed Case, entered an Order transferring the Removed Case to this Court. *See* Removed Case, ECF No. [9]. Thereafter, this Court entered a *sua sponte* Order consolidating the Removed Case and the instant case for all purposes. *See* ECF No. [13].

2

**BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

## II. LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This means that removal is proper only when a claim could have been filed in federal court in the first instance. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Llanes v. Scottsdale Ins. Co.*, No. 19-21877-CIV, 2019 WL 13234143, at *1 (S.D. Fla. July 16, 2019) ("Removal of a case to federal court is proper only if the district court would have had jurisdiction over the case had the case been brought there originally.") (citing *Smith v. Wynfield Dev. Co., Inc.*, 238 F. App'x 451, 455 (11th Cir. 2007)); *Payne v. Essential Media Grp. LLC*, No. 24-cv-21119-RAR, 2024 WL 5159535, at *1 (S.D. Fla. May 29, 2024) ("A defendant is permitted to remove a case from state court to federal court only if the case could have originally been brought in federal court in the first instance."). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). Ultimately, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Burns*, 31 F.3d at 1095).

## III. ARGUMENT

The Removed Case should be remanded immediately to state court because Defendants fail to satisfy their burden of proving this Court (or any federal court) has original and independent jurisdiction over the Removed Case. Defendants' Notice is defective because it does not set forth a legitimate basis for this Court's exercise of jurisdiction in the Removed Case; instead,

3

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

Defendants' Notice incorrectly asserts that removal is proper under supplemental jurisdiction, a theory that is contrary to statute and case law.

The federal removal statute is clear that only a "civil action brought in a State court of which the district courts of the United States have *original* jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). The Notice fails to state a legitimate basis for this Court's original jurisdiction in the Removed Case pursuant to either federal question or diversity jurisdiction because there is none. The Removed Case involves Florida common law breach of contract and breach of covenant of good faith and fair dealing claims for which there is no federal question jurisdiction. The parties are not completely diverse because the Plaintiffs (Mr. Brecka, Ms. Workinger, Turning Point Holdings, LLC, and IJS Presentations, LLC) are citizens of Florida and Defendants Dawson and 10X Health are also citizens of Florida. *See* Removed Case, ECF No. [1-3] at 70 (Members Schedule of 10X Health); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (a limited liability company is a citizen of any state of which a member of the company is a citizen). Nevertheless and undeterred, Defendants instead attempt to bootstrap the jurisdictional basis for the instant case they filed in federal court, which includes federal trademark infringement claims, as a proper basis for the Court's exercise of jurisdiction in the Removed Case. But Defendants cannot do so.

Indeed, the only basis asserted by Defendants for the Court's exercise of jurisdiction in the Removed Case is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See* Notice at ¶ 4. However, as noted above, Defendants can only remove a case to federal court "if the case could

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

have originally been brought in federal court in the first instance." *Payne*, 2024 WL 5159535, at *1. It is axiomatic that

> [s]upplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction. A case may not be brought in federal court on the grounds of supplemental jurisdiction alone. By definition, such jurisdiction must be attached to another basis of jurisdiction.

*Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1565 (11th Cir. 1994). Defendants cannot rely on the jurisdictional basis asserted in the instant case to demonstrate the existence of original jurisdiction in the Removed Case.

Judge Ruiz's reasoning in *Payne*, which presented the same issue, is particularly instructive. In *Payne*, a company called Essential Media Group filed a complaint against Payne in state court asserting, as Plaintiffs do here, claims arising under state law, and Payne later filed a complaint in federal court against Essential. 2024 WL 5159535, at *1. Shortly after filing his federal complaint, Payne (as the defendant in the state court case) filed a notice of removal of the state case. *Id*. The cases were consolidated, and Essential subsequently requested remand, arguing that Payne had improperly removed the state court case. *Id*. In concluding that remand of the state case was required, Judge Ruiz explained that

> Essential is correct that this Court lacks original jurisdiction over the State Complaint and removal is improper. As noted above, § 1367 does not confer original jurisdiction. *Keene [v. Auto Owners Ins. Co.]*, 78 F. Supp. 2d [1270,] 1273 [(S.D. Ala. 1999)] (citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996); *Tafuri v. Jeppesen Sanderson, Inc.*, 25 F. Supp. 2d 1364, 1369 (S.D. Fla. 1998)). Indeed, "by its plain terms, the supplemental jurisdiction statute distinguishes between an action and the claims raised within that action." *Keene*, 78 F. Supp. 2d at 1274 (citing 28 U.S.C. § 1367). "Thus, as other courts have explained, section 1367 contemplates supplemental jurisdiction **arising only from claims within a *single* action**." *Id.* (internal quotations and citations omitted) (emphasis added). "Accordingly, because section 1367 applies only to claims within a single action and not to claims within related actions, the supplemental jurisdiction statute cannot serve as 'an independent source of removal jurisdiction.'" *Id.* (quoting *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa.

5

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

> 1995) (explaining "the supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action," even if "such an approach would have the benefits of efficiency")); *see also Ahearn*, 100 F.3d at 456 ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on section 1367, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient." (citations omitted)).

*Id*. at *3 (emphasis in original, alterations omitted). Here, there are no claims in the Removed Case that Defendants can, or do, point to that give rise to original jurisdiction. All of the claims asserted by Plaintiffs in the Removed Case are state law claims which should be permitted to proceed in state court free of Defendants' gamesmanship.

Because Defendants' basis for removal is belied by federal statute and the relevant case law, and the complaint in the Removed Case demonstrates that this Court does not have original jurisdiction under either federal question or diversity of citizenship, the Court should award Plaintiffs their just costs and any actual expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c). Defendants' attempt to remove is nothing more than a thinly-veiled attempt to forum shop and force Plaintiffs to litigate their claims in federal court on Defendants' terms. Defendants had no objectively reasonable basis for seeking removal, given that the complaint in the Removed Case evinces no basis for original jurisdiction and the Court in *Payne* addressed and rejected the very same efforts to bootstrap removal relying only on supplemental jurisdiction. Here, as in *Payne*, "Payne's mistaken application of supplemental jurisdiction evinces his counsel's fundamental misunderstanding of the statutory right to removal." 2024 WL 5159535, at *4. Thus, as in *Payne*, an award of just costs and actual expenses, including attorneys' fees, is warranted.

6

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deconsolidate the Removed Case, remand the Removed Case to the Eleventh Judicial Circuit Court, and award Plaintiffs their attorneys' fees incurred as a result of Defendants' improper removal.

7

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

**CERTIFICATE OF CONFERRAL**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs certify that they conferred with Defendants' counsel on January 9, 2025 in a good faith effort to resolve by agreement the issues raised in this motion and have been unable to do so.

Dated: January 13, 2025

Respectfully submitted,

BERGER SINGERMAN LLP
*Attorneys for Plaintiff*
1450 Brickell Ave.
Suite 1900
Miami, FL 33131
Telephone:   (305) 755-9500
Facsimile:    (305) 714-4340

By:  */s/ Geoffrey Lottenberg*
James D. Gassenheimer
Florida Bar No. 959987
jgassenheimer@bergersingerman.com
Marianne Curtis
Florida Bar No. 92729
mcurtis@bergersingerman.com
Perry Hicks
Florida Bar No. 1050892
phicks@bergersingerman.com
Geoffrey Lottenberg
Florida Bar No. 56240
glottenberg@bergersingerman.com
Ana E. Kauffmann
Florida Bar No. 89092
akauffmann@bergersingerman.com
drt@bergersingerman.com
lmonteagudo@bergersingerman.com
mvega@bergersingerman.com

8

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of January 2025, the foregoing has been transmitted by electronic filing with the Clerk of Court via CM/ECF, which will send notices of electronic filing to all counsel of record.

/s/ *Geoffrey Lottenberg*
Geoffrey Lottenberg, Esq.

BERGER SINGERMAN
1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM