UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-25091-ALTONAGA/REID
(Consolidated with Case No. 25-cv-20066)

CARDONE VENTURES, LLC, a Delaware limited liability company, and 10X HEALTH VENTURES LLC, a Delaware limited liability company,

                Plaintiffs,

v.

IJS PRESENTATIONS, LLC, a Delaware limited liability company, GARY BRECKA, an individual, and ULTIMATE HUMAN, LLC, a Delaware limited liability company, CICELY S. ("SAGE") WORKINGER, an individual, and TURNING POINT HOLDINGS, LLC, a Florida limited liability company,

                Defendants.

GARY BRECKA, an individual, CICELY SAGE WORKINGER, an individual, IJS PRESENTATIONS, LLC, a Delaware limited liability company, and TURNING POINT HOLDINGS, LLC, a Florida limited liability company,

    Plaintiffs,
v.

BRANDON DAWSON, an individual, 10X HEALTH VENTURES LLC, a Delaware limited liability company, and CARDONE VENTURES, LLC, a Delaware limited liability company,

    Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

Defendants, BRANDON DAWSON, 10X HEALTH VENTURES LLC and CARDONE VENTURES, LLC, file this response in opposition to the Motion for Remand filed by Plaintiffs, GARY BRECKA, CICELY SAGE WORKINGER, IJS PRESENTATIONS, LLC, and TURNING POINT HOLDINGS, LLC [ECF No. 14], and state as follows:

## I.  PRELIMINARY STATEMENT

Plaintiffs' Motion is an insufficient attempt to deprive this Court of its right to exercise supplemental jurisdiction over the claims in the Removed Action. The language of Section 1367(a) is broad and requires this Court to exercise supplemental jurisdiction over **all other claims** that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.  This includes the claims in the Removed Action as they arise from the same nucleus of operative fact.  Additionally, judicial economy, efficiency, and this Court's interest in avoiding the potential risk of inconsistent results further support the need for the above actions to remain consolidated and tried in this Court. Therefore, Plaintiffs' Motion to Remand should be denied.

## II.  BACKGROUND

1. On December 26, 2024, 10X Health Ventures and Cardone Ventures filed an original Complaint in this Court (Case No. 1:24-CV-25091-ALTONAGA/REID) against the four Plaintiffs in this action: (1) IJS Presentations, LLC, (2) Gary Brecka, (3) Cicely S. ("Sage") Workinger, and (4) Turning Point Holdings, LLC, in addition to Ultimate Human, LLC, an LLC affiliated with Gary Brecka ("Federal Court Action").  [ECF No. 1].

2. This Court has jurisdiction over the subject matter of the Federal Court Action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of federally

registered trademarks pursuant to 15 U.S.C. § 1114, federal unfair competition pursuant to 15 U.S.C. § 1125(a), and cancellation of a federal trademark registration pursuant to 15 U.S.C. §§ 1064 and 1119 ("Federal Court Claims").

3. On December 26, 2024, IJS Presentations, LLC, Gary Brecka, Cicely S. ("Sage") Workinger, and Turning Point Holdings, LLC, as Plaintiffs, filed a Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida against Defendants ("State Court Action" or "Removed Action"). [Case No. 1:25-cv-20066, ECF No. 1-3]. The Removed Action alleges two counts of breach of implied covenant of good faith and fair dealing, four counts of breach of contract, and requests declaratory relief ("State Court Claims" or "Removed Claims").

4. On January 7, 2025, Defendants filed their Notice of Removal. [Case No. 1:25-cv-20066, ECF No. 1].

5. On January 9, 2025, Defendants filed their Unopposed Motion to Transfer Case to Chief Judge Altonaga. [Case No. 1:25-cv-20066, ECF No. 8].

6. On January 13, 2025, this Court entered an Order consolidating the Removed Action with the Federal Court Action. [ECF No. 13].

### III. LEGAL STANDARD

Title 28 Section 1367(a) of the United States Code states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over **all other claims** that are **so related** to claims in the action within such original jurisdiction that they form part of the **same case or controversy** under Article III of the United States Constitution. (emphasis added).

See also *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) ("Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims

3

when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy'").

"Claims form part of the same case or controversy when they arise out of a 'common nucleus of operative fact.'" *de Cortes v. Brickell Inv. Realty, LLC*, 546 F. Supp. 3d 1332, 1339–40 (S.D. Fla. 2021) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). "In deciding whether a state law claim is part of the same case or controversy as a federal issue," the court looks "to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *de Cortes*, 546 F. Supp. 3d at 1339–40 (quoting *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)).

Whether to exercise supplemental jurisdiction over state law claims is inherently a fact-specific inquiry. *Stewart v. Orthopedic Innovators Inc.*, No. 09-20308-CIV, 2009 WL 10667815, at *1 (S.D. Fla. 2009).

IV. **ARGUMENT**

This Court should exercise supplemental jurisdiction over Plaintiffs' claims in the Removed Action. The language of Section 1367(a) is broad and requires this Court to exercise supplemental jurisdiction over **all other claims** that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. The phrase "all other claims" is unambiguous and includes those claims raised by Plaintiffs in the Removed Action as they are so related to the claims in the original Federal Action that they form part of the same case or controversy and derive from a common nucleus of operative fact.

A. **Both actions arise from a common nucleus of operative fact.**

Specifically, the Removed Action and 10X Health Ventures and Cardone Ventures' Federal Court Action arise from the Parties' business relationship and dealings, including 10X

Health Ventures' acquisition and operation of Streamline Medical Group Naples LLC and Streamline Wellness, LLC and a series of other related agreements such as Brecka's Second Amended and Restated Executive Services Agreement, Workinger's First Amended and Restated Executive Services Agreement, Loan Agreements, and Pledge Agreements.  The Removed Action contains 157 paragraphs of common allegations relating to the formation of 10X Health, the relevant agreements including the Second Amended and Restated Executive Services Agreement, the Ultimate Human Podcast, the end of Brecka and Workinger's relationship with 10X Health, and the post-termination relationship between the Parties.  Moreover, the only claim in the State Court Action alleged against Defendant Brandon Dawson (Count I) is based on the same allegations as the claims against 10X Health (Counts II, III, IV, and V) and Cardone Ventures (Counts VI and VII).  The trial of Plaintiffs' Removed Action and Defendants' Federal Court Action will involve many of the same witnesses and evidence.  Because the claims in the Removed Action and Federal Court Action arise from a common nucleus of operative fact, this Court has and should maintain supplemental jurisdiction over the claims in the Removed Action.

Plaintiffs rely on *Payne v. Essential Media Grp. LLC*, No. 24-cv-21119-RAR, 2024 WL 5159535, at *1 (S.D. Fla. May 29, 2024) to argue that a defendant is permitted to remove a case from state court to federal court only if the case could have originally been brought in federal court in the first instance.  Plaintiffs' reliance on *Payne*, however, is misplaced.

In *Payne*, the state court action involved *only* state court claims while the federal court action, which was filed a year and a half later, involved *only* federal court claims. *Id*. As such, there was no risk of overlapping or inconsistent judgments.  Here, however, the risk of judicial inefficiency and inconsistency if separate, federal and state trials for related causes of action are required further supports the need for this Court to retain jurisdiction over the claims in the

5

Removed Action. Specifically, Plaintiffs' Count II for declaratory relief requires interpretation of the Second Amended and Restatement Executive Service Agreement ("ESA"), Count III for breach of contract also requires interpretation of the ESA, and Count IV for breach of contract requires interpretation of the Workinger's Executive Services Agreement ("WESA"). These claims are captured in Defendants' Federal Court Action. In fact, many of the Removed Claims overlap with, if not directly correspond to, the Federal Court Claims. *See* Table 1.

| Table 1. Removed Claims Captured by Federal Court Claims ||
|---|---|
| **Removed Claims** | **Federal Court Claims** |
| Count II – Declaratory Relief by Brecka and IJS (based on Second Amended and Restated Executive Services Agreement) | Count V – Breach of Contract against IJS and Brecka (based on Second Amended and Restated Executive Services Agreement) |
| Count III – Breach of Contract by Brecka and IJS (based on Second Amended and Restated Executive Services Agreement) | Count VI – Breach of Fiduciary Duty against IJS and Brecka (based on Second Amended and Restated Executive Services Agreement) |
| " | Count VII – Injunctive Relief against IJS and Brecka (based on Second Amended and Restated Executive Services Agreement) |
| Count IV – Breach of Contract by Workinger (based on Workinger's Executive Services Agreement) | Count VIII – Breach of the Workinger Agreement (based on Workinger's Executive Services Agreement) |
| " | Count IX – Breach of Fiduciary Duty against Turning Point and Workinger (based on Workinger's Executive Services Agreement) |
| " | Count X – Injunctive Relief against Turning Point and Workinger (based on Executive Services Agreement) |
| Count V – Breach of Contract by IJS & TPH (based on the Loan Agreements) | Count XI – Declaratory Relief (based on the Loan Agreement and Pledge Agreement) |
| " | Count XII – Declaratory Relief (based on the Loan Agreement and Pledge Agreement) |

6

Plaintiffs concede the Removed Action and the Federal Court Action arise out of the same transaction or occurrence by arguing that Defendants' Federal Court Claims should be compulsory counterclaims in the Removed Action. *See* [ECF No. 14 at p. 2]; *see also Jagroop v. Moran Foods, LLC,* No. 13-62354-CIV, 2014 WL 12600721, at *1 (S.D. Fla. Mar. 4, 2014) ("A compulsory counterclaim is one which arises out of the transaction or occurrence that is the subject matter of the opposing party's claim…"). Indeed, Plaintiffs' Removed Claims should be compulsory counterclaims in Defendants' Federal Court Action and can be tried under supplemental jurisdiction. *See Id*. at *1, *3 ("It is generally accepted that a compulsory counterclaim falls within the ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration." "The Court also finds that exercising supplemental jurisdiction over Defendant's counterclaims is this action supports judicial efficiency and economy").

Plaintiffs argue in their Motion that Plaintiffs filed their state court action first and Defendants raced to federal court and filed the Complaint subsequently. *See* [ECF No. 14 at p. 2]. Defendants, however, did not race to the courthouse on the same day to file a comprehensive 68-page complaint. In fact, the opposite could and should fairly be inferred against Plaintiffs. Namely, Plaintiffs ran to the courthouse in anticipation of Defendants' filing of a lawsuit against Plaintiffs, after their receipt of document preservation notices from Defendants. [ECF No. 1 at Exs. 2, 4]. Defendants intended to file their claims, which include federal statutory claims, where they belong in this Court.

### B. Plaintiffs' remaining claims must be brought in Delaware.

Moreover, Plaintiffs' Operating Agreement claims (Removed Action Counts I, VI, and VII) must be brought in a Delaware court pursuant to Sections 13.01 and 13.02. *See* Case No. 1:25-

cv-20066, ECF No. 1-3 at p. 64.[1]  This Court has authority to transfer such claims to the District of Delaware whereas the Florida state court does not.  *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) (forum-selection clauses may be enforced through a motion to transfer under §1404(a)).  Plaintiffs' claims should not be independently litigated in Florida state court.

### C. Plaintiffs are not entitled to attorneys' fees.

Finally, this Court has supplemental jurisdiction over the Removed Claims and Plaintiffs are not entitled to recover fees and costs.  However, even if this Court grants the Motion, which it should not, Defendants have an objectively reasonable basis to remove, and fees should be denied.  Specifically, Defendants' objectively reasonable basis to remove Plaintiffs' state court claims include the fact that supplemental jurisdiction is warranted and to facilitate judicial efficiency and consistency.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); s*ee also Point Conversion, LLC v. Tropical Paradise Resorts, LLC*, 339 F. Supp. 3d 1350, 1359 (S.D. Fla. 2018) *quoting Kennedy v. Health Options, Inc.*, 329 F.Supp.2d 1314, 1319 (S.D. Fla. 2004) ("there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails") and *Bracciale v. Valdez*, WL 4117806, at *9 (M.D. Fla. 2017) (holding that where the removing party has offered a credible reason for removal, even if it later becomes clear that the removing party

---

[1] *See* also Notice of Removal. [Case No. 1:25-cv-20066, ECF No. 1, at n.1]. These arguments will be made further in Defendants' forthcoming Motion to Dismiss in the Removed Action.

was wrong on the facts or the law, a request for attorneys' fees should be denied). Here, Defendants have an objectively reasonable basis to remove, and fees should be denied.

V.      CONCLUSION

For the reasons stated above, this Court should exercise supplemental jurisdiction pursuant to Section 1367(a) over Plaintiffs' claims in the Removed Action and Plaintiffs' Motion should be denied.

Dated: January 27, 2025.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
2 South Biscayne, Blvd., Suite 1500
Miami, Florida 33131
Telephone: (305) 347-4080
Facsimile: (305) 347-4089

By: */s/ Daniel R. Lazaro*
Miranda L. Soto, Esq.
Florida Bar No. 637963
miranda.soto@bipc.com
Daniel R. Lazaro, Esq.
Florida Bar No. 99021
Dan.lazaro@bipc.com
Victoria B. Kush, Esq.
Florida Bar No. 59144
Victoria.kush@bipc.com
Masiel P. Almon, Esq.
Florida Bar No. 1011409
Masiel.almon@bipc.com

John M. Nading* (DC Bar No. 981625)
john.nading@bipc.com
**pro hac vice* admitted*
1700 K Street, NW, Suite 300
Washington, DC 20006-3807
Tel: 202-452-7900
Fax: 202-452-7989
*Attorneys for Cardone Ventures, LLC and 10X Health Ventures LLC and Brandon Dawson*