**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-25091-CIV-ALTONAGA/Reid**

CARDONE VENTURES, LLC,
a Delaware limited liability company,

        Plaintiff/Counter-Defendant,

v.

ULTIMATE HUMAN, LLC, a Delaware limited
liability company,

        Defendant/Counter-Plaintiff.
_____/

**DEFENDANT ULTIMATE HUMAN, LLC'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

        Defendant Ultimate Human, LLC ("Ultimate Human" or "Defendant"), by and through undersigned counsel, files this Answer, Affirmative Defenses and Counterclaim in response to Plaintiff Cardone Ventures, LLC's ("Cardone Ventures" or "Defendant") Amended Complaint, [ECF No. 33], as set forth below. Each allegation of the Amended Complaint not specifically admitted shall be deemed denied.

**INTRODUCTION**

        To the extent that the Introduction contains any factual allegations, those allegations are denied.

**THE PARTIES, JURISDICTION, AND VENUE**

        1.     Ultimate Human is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint and, therefore, denies all such allegations.

        2.     Admitted.

≡ BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

3.      Ultimate Human admits that Cardone Ventures purports to assert causes of action pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and cancellation of a federal trademark registration under 15 U.S.C. § 1064. However, Ultimate Human denies that Cardone Ventures is entitled to any relief pursuant to those statutes.

4.      Admitted.

5.      Ultimate Human admits that it has a place of business in this Judicial District. Ultimate Human denies the remaining allegations of Paragraph 5 of the Amended Complaint.

6.      Ultimate Human admits that venue is proper in this Court. Ultimate Human denies the remaining allegations of Paragraph 6 of the Amended Complaint.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

7.      Ultimate Human is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint and, therefore, denies all such allegations.

**PLAINTIFF'S VALUABLE RIGHTS**

8.      Denied.

9.      Denied.

10.      Ultimate Human admits that Exhibit 1 to the Amended Complaint purports to be a copy of U.S. Trademark Registration No. 6605260 (the "ULTIMATE HUMAN ANALYSIS Registration"). Ultimate Human denies the remaining allegations of Paragraph 10 of the Amended Complaint.

11.      Denied.

12.      Denied.

13.      Denied.

2

**BERGER SINGERMAN**

14.     Denied.

15.     Denied.

16.     Ultimate Human admits that Exhibit 2 to the Amended Complaint purports to be screenshots from the blindspotmedical.com website. Ultimate Human denies the remaining allegations of Paragraph 16 of the Amended Complaint.

17.     Ultimate Human admits that Exhibit 3 to the Amended Complaint purports to be screenshots from social media accounts. Ultimate Human denies the remaining allegations of Paragraph 17 of the Amended Complaint.

18.     Ultimate Human admits that Exhibit 4 to the Amended Complaint purports to be a screenshot and printout of the Beyond the Limit podcast. Ultimate Human denies the remaining allegations of Paragraph 18 of the Amended Complaint.

19.     Denied.

20.     Denied.

## DEFENDANT'S WRONGFUL CONDUCT

21.     Ultimate Human admits that it uses the mark **THE ULTIMATE HUMAN**. Ultimate Human denies the remaining allegations of Paragraph 21 of the Amended Complaint.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

28.     Ultimate Human admits that it uses the mark **THE ULTIMATE HUMAN** in commerce. Ultimate Human denies the remaining allegations of Paragraph 28 of the Amended Complaint.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Ultimate Human admits that it was formed on August 11, 2023 and that Exhibit 5 to the Amended Complaint purports to be a printout from the Delaware Secretary of State's website. Ultimate Human denies the remaining allegations of Paragraph 32 of the Amended Complaint.

33.     Admitted.

34.     Admitted.

35.     Denied.

36.     Ultimate Human admits that Gary Brecka is a member and the manager of Ultimate Human. Ultimate Human denies the remaining allegations of Paragraph 36 of the Amended Complaint.

37.     Ultimate Human admits that Exhibit 7 to the Amended Complaint purports to be printouts of U.S. Application Serial Nos. 98446729, 98446831, 98447105, 98581097, 98581099, 98638497, 98670744, 98670752, 98912440, 98912445, and 98935324. Ultimate Human denies the remaining allegations of Paragraph 37 of the Amended Complaint.

38.     Admitted.

39.     Admitted.

40.     Admitted.

4

**BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3423
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Ultimate Human admits that it sells products through co-marketing and co-branding endeavors with third parties, including Cold Life, BodyHealth and Echo Water. Ultimate Human denies the remaining allegations of Paragraph 45 of the Amended Complaint.

46.     Ultimate Human admits that Cold Life's Instagram page includes photographs of Brecka. Ultimate Human denies the remaining allegations of Paragraph 46 of the Amended Complaint.

47.     Ultimate Human admits that certain products, namely cold plunges, sold by Cold Life are co-branded with Ultimate Human's **THE ULTIMATE HUMAN** trademark. Ultimate Human denies the remaining allegations of Paragraph 47 of the Amended Complaint.

48.     Ultimate Human admits that Exhibit 10 to the Amended Complaint purports to be printouts from a website. Ultimate Human denies the remaining allegations of Paragraph 48 of the Amended Complaint.

49.     Denied.

50.     Ultimate Human admits that Exhibit 11 to the Amended Complaint purports to be printouts from the BodyHealth website. Ultimate Human denies the remaining allegations of Paragraph 50 of the Amended Complaint.

51.     Ultimate Human admits that Exhibit 12 to the Amended Complaint purports to be a printout from the Echo Water website. Ultimate Human denies the remaining allegations of Paragraph 51 of the Amended Complaint.

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

52.     Ultimate Human admits that Exhibit 13 to the Amended Complaint purports to be a printout from the Eight Sleep website. Ultimate Human denies the remaining allegations of Paragraph 52 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement – 15 U.S.C. § 1114**

53.     Ultimate Human incorporates its response to Paragraphs 1-52 as if fully set forth herein.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Admitted.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

6

**≡ BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition and False Designation of Origin and**
**False and Misleading Representations – 15 U.S.C. § 1125(a)**

78.     Ultimate Human incorporates its response to Paragraphs 1-52 as if fully set forth

herein.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Admitted.

7

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

### THIRD CLAIM FOR RELIEF
### Cancellation of U.S. Trademark Registration No. 7522205
### for Priority and Likelihood of Confusion Under Lanham Act 15 U.S.C. § 1064

103.    Ultimate Human incorporates its response to Paragraphs 1-52 as if fully set forth herein.

104.    Denied.

105.    The allegations of Paragraph 105 of the Amended Complaint are a statement of law and, therefore, no response is required.

106.    The allegations of Paragraph 106 of the Amended Complaint are a statement of law and, therefore, no response is required.

107.    Admitted.

8

**BERGER SINGERMAN**

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

**ALLEGATION OF DAMAGE COMMON TO ALL CLAIMS FOR RELIEF**

120.    Ultimate Human incorporates its response to Paragraphs 1-119 as if fully set forth herein.

121.    Denied.

**PRAYER FOR RELIEF**

In response to the Prayer for Relief, Ultimate Human denies that Cardone Ventures is entitled to any of the relief requested in Paragraphs 1 through 21, and, pursuant to 15 U.S.C. § 1117(a), requests that this Court find this to be an exceptional case and award Ultimate Human its reasonable attorneys' fees for all counts of the Amended Complaint upon which Ultimate Human is the prevailing party.

9

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

## JURY DEMAND

Ultimate Human demands a trial by jury on all counts of the Amended Complaint so triable.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Cardone Ventures' claims for relief, Ultimate Human alleges the following, each of which bars Cardone Ventures' claims, in whole or in part:

### FIRST AFFIRMATIVE DEFENSE
### Abandonment/Non-Use

By the time Ultimate Human adopted and began using the mark **THE ULTIMATE HUMAN** (the "Accused Mark") in October 2023, Cardone Ventures' predecessor-in-interest, Dr. Boyd, had abandoned his rights in the mark ULTIMATE HUMAN ANALYSIS (the "Asserted Mark") insofar as he had discontinued use of the Asserted Mark and with no intention to resume use of the Mark. Dr. Boyd made no *bona fide* trademark use of the Asserted Mark between October 2023 and March 2024, when the Asserted Mark was purportedly assigned to Cardone Ventures, and had no intent to resume such use. Upon information and belief, at the time of the purported assignment in March 2024, Dr. Boyd had not made *bona fide* use of the Asserted Mark in the ordinary course of trade for three (3) consecutive years, which constitutes *prima facie* evidence of abandonment.

Since the purported assignment of the Asserted Mark, Cardone Ventures has not made *bona fide* use of the Asserted Mark in the ordinary course of trade. For example, Cardone Ventures' website, published after this lawsuit was filed and located at the domain name www.ultimatehuman.com (registered after this lawsuit was filed) states that its ULTIMATE HUMAN ANALYSIS branded services are "*Coming Soon. Be the first to experience it*"

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

confirming by its own admission that Cardone Ventures does not currently use the Asserted Mark and has never used the Asserted Mark. Similarly, the website attached as Exhibit 2 to the Amended Complaint states that Cardone Ventures' purported licensee, Blindspot Medical and/or Dr. Boyd, "is not currently enrolling new patients" in connection with any ULTIMATE HUMAN ANALYSIS branded services. Any purported activity of Cardone Ventures with respect to the Asserted Mark has been made merely to reserve rights in the Asserted Mark, which does not qualify use in commerce within the meaning of 15 U.S.C. § 1127. As of the filing date of this lawsuit (and as of the present date), the ULTIMATE HUMAN ANALYSIS mark has not been used for three (3) consecutive years. Accordingly, the Asserted Mark has been abandoned.

**SECOND AFFIRMATIVE DEFENSE**
**Estoppel by Laches**

Cardone Ventures, either directly or through its predecessor-in-interest, had knowledge of Ultimate Human's use of the Accused Mark, and Ultimate Human's business plans associated therewith, since at least as early as October of 2023 and Cardone Ventures inexcusably delayed in taking any action to enforce its rights in the Asserted mark. Dr. David Boyd and/or Blindspot Medical had extensive knowledge of Ultimate Human's activities with respect to the Accused Mark from at least as early as October 2023 through to the March 2024 purported assignment of the Asserted Mark to Cardone Ventures and never objected to or brought any action against Ultimate Human. Cardone Ventures itself had direct extensive knowledge of Ultimate Human's activities with the respect to the Accused Mark at least as early as March 2024 when it purportedly acquired the Asserted Mark. For example, the December 15, 2023 For Cause Notice sent to Gary Brecka by Cardone Ventures' portfolio company 10X Health (the "For Cause Notice"), evidences knowledge of the launch of the www.theultimatehuman.com website and the sales of "Ultimate

11

**BERGER SINGERMAN**

Human products" by Gary Brecka and/or Ultimate Human over a year prior to the filing of this lawsuit. Despite its knowledge (direct or imputed), Cardone Ventures sat idly while Ultimate Human invested significant time, money, and resources into the Accused Mark and the development of goodwill associated with the Accused Mark. As a result, Ultimate Human will be unduly prejudiced if Cardone Ventures is now permitted to inequitably assert its rights in the Asserted Mark.

**THIRD AFFIRMATIVE DEFENSE**
**Estoppel by Acquiescence**

Cardone Ventures, either directly or indirectly, has by affirmative words or actions represented to Ultimate Human that it would not assert its rights in the Asserted Mark, the delay between such representations and the assertion of rights was inexcusable, and Ultimate Human has been unduly prejudiced insofar as it has invested substantial resources in the Accused Mark and the development of goodwill therein. For example, notwithstanding Cardone Ventures' knowledge of Ultimate Human's adoption and use of the Accused Mark, Cardone Ventures, through its portfolio company 10X Health, represented to Ultimate Human in connection with the For Cause Notice that no claim would be asserted against Ultimate Human. Additionally, Cardone Ventures, either directly or through its portfolio company 10X Health, has posted Ultimate Human content on 10X Health social media platforms to promote Cardone Ventures' and/or 10X Health's own products and services. These posts include clips from **THE ULTIMATE HUMAN**-branded podcast wherein Gary Brecka, wearing a T-shirt emblazoned with the Accused Mark, discusses certain health and wellness topics alongside calls to action for consumers to engage with 10X Health's commercial offerings. *See* Exhibit 1 hereto, which are true and correct screen shots of promotional posts obtained from 10X Health's public-facing, commercial social media accounts.

12

**≡ BERGER SINGERMAN**

By promoting Ultimate Human's content for its own commercial benefit, Cardone Ventures' own actions constitute a representation to Ultimate Human that it would not assert its rights in the Asserted Mark.

### FOURTH AFFIRMATIVE DEFENSE
#### Consent

Cardone Ventures, either directly or indirectly, has consented and agreed that Ultimate Human's use of the Accused Mark would not constitute infringement of Cardone Ventures' rights in the Asserted Mark. For example, Cardone Ventures, either directly or through its portfolio company 10X Health, has posted Ultimate Human content on 10X Health social media platforms to promote Cardone Ventures' and/or 10X Health's own products and services. These posts include clips from **THE ULTIMATE HUMAN**-branded podcast wherein Gary Brecka, wearing a T-shirt emblazoned with the Accused Mark, discusses certain health and wellness topics alongside calls to action for consumers to engage with 10X Health's commercial offerings. *See* <u>Exhibit 1</u> hereto, which are true and correct screen shots of promotional posts obtained from 10X Health's public-facing, commercial social media accounts. By promoting Ultimate Human's content for its own commercial benefit, Cardone Ventures has consented and agreed that Ultimate Human's activity was non-infringing.

### FIFTH AFFIRMATIVE DEFENSE
#### Implied License

Cardone Ventures, either directly or indirectly, has by affirmative words or actions granted Ultimate Human an implied license. For example, Cardone Ventures, either directly or through its portfolio company 10X Health, has posted Ultimate Human content on 10X Health social media platforms to promote Cardone Ventures' and/or 10X Health's own products and services. These posts include clips from **THE ULTIMATE HUMAN**-branded podcast wherein Gary Brecka,

**BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3423
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

wearing a T-shirt emblazoned with the Accused Mark, discusses certain health and wellness topics alongside calls to action for consumers to engage with 10X Health's commercial offerings. *See* Exhibit 1 hereto, which are true and correct screen shots of promotional posts obtained from 10X Health's public-facing, commercial social media accounts. By promoting Ultimate Human's content for its own commercial benefit, Cardone Ventures' has impliedly licensed Ultimate Human's use of the Accused Mark.

**SIXTH AFFIRMATIVE DEFENSE**
**Unclean Hands**

Cardone Ventures has unclean hands because, despite its actual knowledge of Ultimate Human's adoption and use of the Accused Mark and/or knowledge that Dr. Boyd had abandoned the Asserted Mark, Cardone Ventures acquired the Asserted Mark from Dr. Boyd by purported assignment solely to gain commercial leverage over Ultimate Human and its owner, Mr. Brecka, in a contractual dispute between Mr. Brecka and 10X Health. Those contractual claims were originally brought in this case alongside Cardone Venture's trademark claims but eventually dismissed. Cardone Ventures also has unclean hands because, despite its knowledge of Ultimate Human's priority in the Accused Mark, Cardone Ventures registered the domain name www.ultimatehuman.com after the filing of this lawsuit with a bad faith intent to profit from the Accused Mark through litigation and other means. Cardone Ventures also has unclean hands because Cardone Ventures, either directly or through its portfolio company 10X Health, has posted Ultimate Human content on 10X Health social media platforms to promote Cardone Ventures' and/or 10X Health's own products and services. These posts include clips from **THE ULTIMATE HUMAN**-branded podcast wherein Gary Brecka, wearing a T-shirt emblazoned with the Accused Mark, discusses certain health and wellness topics alongside calls to action for consumers to

14

**≡ BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

engage with 10X Health's commercial offerings. *See* <u>Exhibit 1</u> hereto, which are true and correct screen shots of promotional posts obtained from 10X Health's public-facing, commercial social media accounts. By commercially benefitting from the precise behavior Cardone Ventures now claims is infringing, Cardone Ventures has unclean hands and is barred from enforcing the Asserted Mark against Ultimate Human.

**SEVENTH AFFIRMATIVE DEFENSE**
**Lack of Priority**

Cardone Ventures lacks priority over Ultimate Human with respect to the Asserted Mark given that the mark was not in use and/or abandoned by Cardone Ventures' predecessor-in-interest, Dr. Boyd, at the time Ultimate Human adopted and began using the Accused Mark. Accordingly, Cardone Ventures does not have senior, enforceable rights in the Asserted Mark.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

15

**BERGER SINGERMAN**

## COUNTERCLAIM

Ultimate Human, LLC ("Ultimate Human" or "Counter-Plaintiff"), by and through its attorneys, for its counterclaim against Cardone Ventures, LLC ("Cardone Ventures" or "Counter-Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a counterclaim brought under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 *et seq* (the "Lanham Act"), namely for cancellation of a federal trademark registration under 15 U.S.C. §§ 1064, 1119 and for cybersquatting under 15 U.S.C. § 1125.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b) and 15 U.S.C. § 1121, because the claims address federal questions concerning the Lanham Act, namely cancellation of a federal trademark registration under 15 U.S.C. §§ 1064, 1119 and for cybersquatting under 15 U.S.C. § 1125(d).

3.      This Court has personal jurisdiction over Cardone Ventures because Cardone Ventures conducts business in and maintains substantial contacts with the State of Florida and has purposefully availed itself to the State of Florida by filing the instant lawsuit from which this Counterclaim arises.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because the Counter-Defendant's principal place of business is located in this District and a substantial part of the events giving rise to the counterclaim alleged herein occurred in this District.

## THE PARTIES

5.      Ultimate Human is a Delaware limited liability company with a principal place of business located in Miami, Florida.

**☰ BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

6.      Cardone Ventures is a Delaware limited liability company with a principal place of business located in Aventura, Florida.

**FACTUAL BACKGROUND**

7.      On January 4, 2022, the United States Patent and Trademark Office ("USPTO") issued the U.S. Trademark Registration Number 6,605,260 for ULTIMATE HUMAN ANALYSIS (the "Challenged Registration") to Dr. David Boyd ("Boyd") for "health care services, namely, wellness programs." The Challenged Registration asserts a date of first use in commerce of at least as early as September 1, 2020. A true and correct copy of the registration certificate pertaining to the Challenged Registration is attached to the as Exhibit 1 to the Amended Complaint [ECF No. 33-1].

8.      In October 2023, Ultimate Human adopted and began using the name and trademark **THE ULTIMATE HUMAN** in connection with at least providing audio and video podcasts in the field of longevity and anti-aging.

9.      Ultimate Human's first **THE ULTIMATE HUMAN**-branded podcast was made available by audio and video on October 17, 2023.

10.     Ultimate Human is the owner of U.S. Trademark Registration No. 7,522,205 for the mark **THE ULTIMATE HUMAN** in connection with "[e]ntertainment services, namely, providing audio and video podcasts in the field of longevity and anti-aging" (the "Ultimate Human Registration"). The Ultimate Human Registration was registered on October 1, 2024 and sets forth a date of first use in commerce of at least as early as October 17, 2023. A true and correct copy of the registration certificate pertaining to the Ultimate Human Registration is attached here as Exhibit 2.

**≡ BERGER SINGERMAN**

11.     At the time Ultimate Human began using **THE ULTIMATE HUMAN** trademark, Boyd had discontinued use of the ULTIMATE HUMAN ANALYSIS mark and had no intention to resume use thereof.

12.     Upon on information and belief, at the time Ultimate Human began using **THE ULTIMATE HUMAN** trademark, Boyd had not made *bona fide* use of the ULTIMATE HUMAN ANALYSIS mark in the ordinary course of trade for three (3) consecutive years.

13.     On March 27, 2024, Boyd purported to assign his rights in the Challenged Registration and the underlying ULTIMATE HUMAN ANALYSIS mark (the "Asserted Mark") to Cardone Ventures. *See also* Exhibit 1 to the Amended Complaint [ECF No. 33-1].

14.     Dr. Boyd made no *bona fide* trademark use of the Asserted Mark between October 2023 and March 2024, when the Asserted Mark was purportedly assigned to Cardone Ventures, and had no intent to resume such use.

15.     Since the purported assignment of the ULTIMATE HUMAN ANALYSIS mark, Cardone Ventures has not made *bona fide* use of the mark in the ordinary course of trade.

16.     For example, Cardone Ventures' website located at the domain name www.ultimatehuman.com states that its ULTIMATE HUMAN ANALYSIS branded services are "*Coming Soon.* Be the first to experience it" confirming by its own admission that Cardone Ventures does not currently use the ULTIMATE HUMAN ANALYSIS mark and has never used it. *See* Exhibit 3 hereto, which is a true and correct copy of the website found at www.ultimatehuman.com obtained on February 18, 2025.

17.     Similarly, the website attached as Exhibit 2 to the Amended Complaint [ECF No. 33-2] states that Cardone Ventures' purported licensee, Blindspot Medical and/or Dr. Boyd, "is

≡ BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

not currently enrolling new patients" in connection with any ULTIMATE HUMAN ANALYSIS branded services.

18.     Any purported activity of Cardone Ventures with respect to the ULTIMATE HUMAN ANALYSIS mark has been made merely to reserve rights therein, which does not qualify use in commerce within the meaning of 15 U.S.C. § 1127.

19.     Accordingly, as of the filing date of this lawsuit (and as of the present date), the ULTIMATE HUMAN ANALYSIS mark has not been used for three (3) consecutive years.

20.     As a result of abandonment, Cardone Ventures has no rights or legitimate interest in the ULTIMATE HUMAN ANALYSIS trademark or the Challenged Registration.

21.     Ultimate Human has invested substantial resources in developing **THE ULTIMATE HUMAN** brand and underlying goodwill.

22.     Since inception, Ultimate Human has published over one-hundred and forty (140) podcast episodes under **THE ULTIMATE HUMAN** trademark, which podcasts are made available through major podcast publishers such as Spotify and YouTube.

23.     Ultimate Human engages in a broad, expensive omni-channel marketing campaigns to promote **THE ULTIMATE HUMAN**-branded podcast and drive viewers and listeners to Ultimate Human's unique content.

24.     On Spotify, **THE ULTIMATE HUMAN**-branded podcast has 5.8 million streams, 1.4 million consumption hours, 281,366 followers, and 12.4 million impressions. On YouTube, **THE ULTIMATE HUMAN**-branded podcast has over 11 million views, over 1.5 million hours of watch time, 350,989 subscribers, and over 120 million impressions.

25.     Accordingly, **THE ULTIMATE HUMAN** trademark is widely recognized by members of the relevant consuming public as the source of Ultimate Human's entertainment

**BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

services and Ultimate Human has developed substantial goodwill in connection with **THE ULTIMATE HUMAN** trademark.

26.     As a result of widespread promotion and recognition, coupled with Ultimate Human's federal trademark registration (the Ultimate Human Registration), the **THE ULTIMATE HUMAN** trademark is distinctive among the relevant consuming public.

27.     Notwithstanding knowledge of Ultimate Human's rights in its distinctive trademark and knowledge that the ULTIMATE HUMAN ANALYSIS trademark was abandoned, on or about December 30, 2024, Cardone Ventures registered and/or caused to be registered the domain name www.ultimatehuman.com (the "Unlawful Domain Name").

28.     The Unlawful Domain Name was registered by Cardone Ventures *after the filing of this lawsuit* to gain commercial leverage against Ultimate Human and its owner, Gary Brecka, in a contractual dispute between Mr. Brecka and Cardone Ventures' affiliate and portfolio company, 10X Health.

29.     Cardone Ventures is not using the Unlawful Domain Name in connection with the *bona fide* offering of any goods or services because Cardone Ventures has no rights or legitimate interest in the abandoned ULTIMATE HUMAN ANALYSIS mark and the website found at the Unlawful Domain Name is merely a parked landing page purporting to promote services Cardone Ventures does not offer.

30.     Cardone Ventures is using the website found at the Unlawful Domain Name in an attempt to reserve a right in the ULTIMATE HUMAN ANALYSIS mark and merely for litigation purposes in order to bring the causes of action in the Amended Complaint and to gain commercial leverage over Ultimate Human and Gary Brecka in a business dispute.

≡ BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

31.     The Unlawful Domain Name does not include the word "analysis" and contains nearly the entirety of **THE ULTIMATE HUMAN** trademark.

32.     Accordingly, Cardone Ventures has, with bad faith intent to profit through litigation and other means, registered and used a domain name that is confusingly similar to Ultimate Human's distinctive and federally registered **THE ULTIMATE HUMAN** trademark.

<u>COUNT I</u>
**Cancellation of U.S. Trademark Registration 6,605,260**

33.     Ultimate Human realleges and incorporates by reference paragraphs 1 through 19 of the Counterclaim as if fully set forth herein.

34.     This is an action for a cancellation of the Challenged Registration pursuant to 15 U.S.C. §§1064, 1119.

35.     Pursuant to 15 U.S.C. §1064, a petition to cancel a registration "may be filed by any person who believes that he is or will be damaged…by the registration of a mark on the principal register…at any time if the registered mark…has been abandoned."

36.     In the Amended Complaint to which this Counterclaim pertains, Cardone Ventures alleges that Ultimate Human is infringing the mark embodied by the Challenged Registration and has requested cancellation of the Ultimate Human Registration on the basis that mark embodied therein is confusingly similar to the mark embodied by the Challenged Registration. Accordingly, the continued registration of the Challenged Registration has and will continue to damage Ultimate Human.

37.     At the time Ultimate Human began using **THE ULTIMATE HUMAN** trademark, Boyd had discontinued use of the ULTIMATE HUMAN ANALYSIS mark and had intention to resume use thereof.

**≡ BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

38.     At the time Ultimate Human began using **THE ULTIMATE HUMAN** trademark, Boyd had not made *bona fide* use of the ULTIMATE HUMAN ANALYSIS mark in the ordinary course of trade for three (3) consecutive years.

39.     Upon on information and belief, at the time Boyd purported assigned his rights to Cardone Ventures, the ULTIMATE HUMAN ANALYSIS mark remained not in use.

40.     Since the purported assignment of the ULTIMATE HUMAN ANALYSIS mark, Cardone Ventures has not made *bona fide* use of the mark in the ordinary course of trade.

41.     Any purported activity of Cardone Ventures with respect to the ULTIMATE HUMAN ANALYSIS mark has been made merely to reserve rights therein, which does not qualify use in commerce within the meaning of 15 U.S.C. § 1127.

42.     As of the filing date of this lawsuit (and as of the present date), the ULTIMATE HUMAN ANALYSIS mark has not been used for three (3) consecutive years.

43.     Accordingly, the Challenged Registration is subject to cancellation pursuant to 15 U.S.C. §§ 1064, 1119.

### COUNT II
### Cybersquatting in Violation of 15 U.S.C. § 1125(d)

44.     Ultimate Human realleges and incorporates by reference paragraphs 1 through 32 of the Counterclaim as if fully set forth herein.

45.     Ultimate Human's trademark, **THE ULTIMATE HUMAN,** was distinctive at the time Cardone Ventures registered the Unlawful Domain Name.

46.     The literal text of the Unlawful Domain Name, www.ultimatehuman.com, is confusingly similar to the Ultimate Human's trademark, **THE ULTIMATE HUMAN**.

47.     Cardone Ventures has no rights or legitimate interests in any portion of the

**BERGER SINGERMAN**

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM

Unlawful Domain Name, at least because the ULTIMATE HUMAN ANALYSIS mark is abandoned.

48.     Cardone Ventures does not use the Unlawful Domain Name in connection with the *bona fide* offering of any goods or services.

49.     Cardone Ventures has used the Unlawful Domain Name merely to gain a litigation and business advantage over Ultimate Human and its owner.

50.     Cardone Ventures has, with bad faith intent to profit through litigation and other means, registered and used a domain name that is confusingly similar to Ultimate Human's distinctive and federally registered **THE ULTIMATE HUMAN** trademark.

51.     Cardone Ventures' unlawful acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

## JURY DEMAND

Ultimate Human demands a trial by jury on all counts of the Counterclaim so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ultimate Human respectfully requests that this Court:

A.     Enter a judgment in favor of Counter-Plaintiff Ultimate Human and against Counter-Defendant Cardone Ventures on Counts I and II of this Counterclaim;

B.     Order cancellation of U.S. Trademark Registration No. 6,605,260 and certify such order to the Director of the United States Patent and Trademark Office;

C.     Order Cardone Ventures to forfeit or cancel the Unlawful Domain Name or, at Ultimate Human's election, transfer the Unlawful Domain Name to Ultimate Human, pursuant to 15 U.S.C. § 1125(d)(1)(C);

≡ BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
*t:* 305-755-9500 | *f:* 305-714-4340 | WWW.BERGERSINGERMAN.COM

D.      Order Cardone Ventures to pay to Ultimate Human all of Cardone Ventures' profits and all damages sustained by Ultimate Human as a result of Cardone Ventures' acts of cybersquatting or statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

E.      Enter a finding that this is an exceptional case and order Cardone Ventures to pay to Ultimate Human the costs of this action and Ultimate Human's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) or otherwise award Ultimate Human its reasonable attorneys' fees; and

F.      Grant such further and other relief as the Court deems just and proper under the circumstances.

Dated: February 20, 2025

Respectfully submitted,

BERGER SINGERMAN LLP
*Attorneys for Ultimate Human, LLC*
1450 Brickell Ave.
Suite 1900
Miami, FL 33131
Telephone:    (305) 755-9500
Facsimile:     (305) 714-4340

By:  /s/ *Geoffrey Lottenberg*

James D. Gassenheimer
Florida Bar No. 959987
jgassenheimer@bergersingerman.com
Marianne Curtis
Florida Bar No. 92729
mcurtis@bergersingerman.com
Perry Hicks
Florida Bar No. 1050892
phicks@bergersingerman.com
Geoffrey Lottenberg
Florida Bar No. 56240
glottenberg@bergersingerman.com
Ana E. Kauffmann
Florida Bar No. 89092

24

**BERGER SINGERMAN**

akauffmann@bergersingerman.com
drt@bergersingerman.com
lmonteagudo@bergersingerman.com
mvega@bergersingerman.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 20th day of February 2025, the foregoing has been transmitted by electronic filing with the Clerk of Court via CM/ECF, which will send notices of electronic filing to all counsel of record.

/s/ *Geoffrey Lottenberg*
Geoffrey Lottenberg, Esq.

BERGER SINGERMAN

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131-3453
t: 305-755-9500 | f: 305-714-4340 | WWW.BERGERSINGERMAN.COM